HAZEL T. POWER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 39032, 40737, 46620. Promulgated May 27, 1931.

*W. H. Oppenheimer, Esq.*, for the petitioner.
*Brooks Fullerton, Esq.*, for the respondent.

430

### OPINION.

MORRIS: The petitioner alleges and contends that that portion of the income here in controversy which would have been received by her from the estate of Abigail I. Thompson had it not been previously assigned by her to her husband, is not taxable to her.

The rule is well established that notwithstanding the document of grant or assignment itself may be perfectly valid and enforceable between the parties thereto, the liability for income tax upon future income or profits which will or may accrue to the assignor by reason of the ownership of or an interest in property can not be avoided by the assignor or grantor through the grant or assignment of such income or profits to another. *Ormsby McKnight Mitchel*, 1 B. T. A. 143; affd., 9 Fed. (2d) 414; 15 Fed. (2d) 287; certiorari denied, 273 U. S. 759; *T. J. Rogers et al.*, 15 B. T. A. 638; petition for review

dismissed, 41 Fed. (2d) 1012; *J. T. Browning et al.*, 16 B. T. A. 485; *L. Brackett Bishop*, 19 B. T. A. 1108; *Alexander S. Browne*, 3 B. T. A. 826; and *Edward J. Luce*, 18 B. T. A. 923, holding the assigned income taxable to the assignor or grantor. The same general rule was announced and followed in *J. V. Leydig*, 15 B. T. A. 124; affd., 43 Fed. (2d) 494, although a different conclusion was reached, because something more than the mere assignment of future income was accomplished—namely, an assignment of *an interest in the property* itself from which the income flowed; also, in *David Copland*, 15 B. T. A. 238, reversed at 41 Fed. (2d) 501, the Board held that " what was assigned was a right to profits after they had arisen rather than any principal or asset which gave rise to the profits;" but the Circuit Court of Appeals reversed the decision of the Board on the ground that the instrument not only assigned the right to receive future income, but it also carried with it the right, title and interest in and to the property itself, i. e., a certain syndicate agreement.

The rule stated seems to be perfectly reasonable and sound. If it were possible for a taxpayer to assign his future taxable income (assuming, of course, that he accomplishes nothing more), and by such assignment indirectly effect an assignment of his tax liability thereon, thus permitting him to plead the assignment and compel the Government to seek redress from the assignee, there would be nothing to prevent the original assignee from dividing a portion of his right to receive by further assignment to others, and so on *ad infinitum*, until the individual liabilities for the tax would be so multiplied and scattered that collection of the tax would be rendered absolutely impossible in a vast majority of cases. Under such circumstances income, as such, would cease to be an object of taxation. *Ormsby McKnight Mitchel, supra*. To absolve the assignor of complete liability for tax upon assigned income would, as the dissenting opinion in *Marshall Field, infra*, states, " distort the income tax by making it depend upon the disposition of income," or, as the court said in *Bing* v. *Bowers*, 22 Fed. (2d) 450:

To permit the assignor of future income from his own property to escape taxation thereon by a gift grant in advance of the receipt by him of such income would by indirection enlarge the limited class of deductions established by statute. As long as he remains the owner of the property, the income therefrom should be taxable to him as fully, when he grants it as a gift in advance of its receipt, as it clearly is despite a gift thereof immediately after its receipt.

In *Lucas* v. *Earl*, 281 U. S. 111, sustaining the decision of the Board that notwithstanding an agreement between the taxpayer and his wife to create a joint tenancy in future income the income was taxable to the husband, the court said:

But this case is not to be decided by attenuated subtleties. It turns on the import and reasonable construction of the taxing act. There is no doubt that the statute could tax salaries to those who earned them and provide that the tax could not be escaped by anticipatory arrangements and contracts however skillfully devised to prevent the salary when paid from vesting even for a second in the man who earned it. That seems to us the import of the statute before us and we think that no distinction can be taken according to the motives leading to the arrangement by which the fruits are attributed to a different tree from that on which they grew.

We have held in a very similar line of cases that the assignment of dividends upon capital stock, interest upon promissory notes, and rents from properties, etc., does not relieve the assignor or grantor of liability for payment of the tax upon such dividends, interest, or rents where the ownership of said stock, promissory notes, or other properties remained in the assignor. *Fred W. Warner*, 5 B. T. A. 963; *Julius Rosenwald*, 12 B. T. A. 350; affirmed in these respects, 33 Fed. (2d) 423; certiorari denied, 280 U. S. 77A; *Alfred LeBlanc*, 7 B. T. A. 256; *American Telegraph & Cable Co.*, 2 B. T. A. 991; *Samuel V. Woods*, 5 B. T. A. 413; *Rensselaer & Saratoga Railroad Co.* v. *Irwin*, 249 Fed. 726, certiorari denied, 246 U. S. 671. Also see *Blalock* v. *Georgia Ry. & Electric Co.*, 246 Fed. 387; *Anderson* v. *Morris & Essex R. R. Co.*, 216 Fed. 83; *West End Street Ry. Co.* v. *Malley*, 246 Fed. 625; *Houston Belt & Terminal Ry. Co.* v. *United States*, 250 Fed. 1; *Boston Terminal Co.* v. *Gill*, 246 Fed. 664; *Hamilton* v. *Kentucky & Indiana Terminal R. R. Co.*, 289 Fed. 20.

Counsel for the petitioner cites *Grace Scripps Clark*, 16 B. T. A. 453, as controlling of the issue here and states that the instant case " is far stronger " than that, but he does not indicate why he so believes. We are of the opinion that the two cases are clearly distinguishable. In the instant case the petitioner *revocably* assigned, with a restraint upon alienation, " one-third of the income of the trust estate " which she " may be or may become entitled to," while in the *Clark* case there was an absolute *irrevocable* assignment to the assignee " and to his heirs and assigns forever," of " one-half interest in all income, rents, interest, reversion, remainder and remainders which may from time to time be payable to me or to which I may be hereafter entitled." In other words, the assignor there was completely divested of every right in and to a portion of the trust property and the income therefrom, while here there was a mere revocable assignment of income, with a restraint upon alienation, which, as the assignment states, was " to become payable in the future."

The petitioner also cites *Marshall Field*, 15 B. T. A. 718; affirmed upon the point in question in *Commissioner of Internal Revenue* v. *Field*, 42 Fed. (2d) 820. In that case Field, having an interest in income of a certain trust, executed an instrument to his wife assigning to her " *an undivided two-thirds (2/3rds) interest* in all the net

income of the two-fifths (2/5ths) of the residuary estate of Marshall Field, deceased, * * * intending hereby to convey to *and vest* in the said party of the second part [his wife] *an undivided two-thirds (2/3rds) interest* in all the net income adjudicated to belong" to him. The Board said, holding the assignor nontaxable with respect to the income so assigned, that, "The petitioner by such assignment completely divested himself of any interest in the right to receive such income and it follows that he may not be taxed therefor." In the instant case there was no *complete* divestiture upon the part of the petitioner as to the one-third of the income assigned, for the reason that the assignee was deprived of the most important attribute of ownership, namely, his right of alienation and complete personal enjoyment. Furthermore, in the *Field* case there is a clear intention to pass an immediate irrevocable property right in and to the trust income, whereas here the assignment is revocable and is predicated upon "anticipated income or income payable in the future."

For the same reasons just given with respect to the *Field* case, we are of the opinion that *Edith H. Blaney*, 13 B. T. A. 1315; petition for review to Circuit Court of Appeals, First Circuit, dismissed January 17, 1930, can not be followed.

Not that we question the motives impelling the assignor to make this assignment, but we must satisfy ourselves from the evidence in each of these cases, where husband and wife are concerned, each enjoying and sharing in the properties of the other without material distinctions of ownership (it will be observed from the findings of fact that the assigned income was deposited in a joint bank account), that there has been a really *bona fide* assignment of a property right *in praesenti* and not a mere assignment of future income in the guise of a property right designed for the purpose of defeating taxes justly due. To adopt a less stringent policy would permit the shifting of income from husband to wife and *vice versa* to suit the convenience of the individual taxpayer. As the Circuit Court said in *Julius Rosenwald, supra*, "If such indefinite transactions are approved, it will open wide the door by which men, without the high purposes that the government admits actuated petitioner, may enter and defraud the government of its taxes."

The instrument in question can not be construed as an attempt on the part of the assignor to completely divest herself of one-third of her property right in the trust, when considered in the light of the conditions imposed upon the assignment. That the assignment constituted nothing more than an attempt to assign future income, as, if, and when earned and payable by the trust, is borne out by such language in the instrument as "anticipated income or income pay-

able in the future, to which he may be entitled * * * if any." Furthermore, there could have been no absolute divestiture of a property right by reason of the condition that "If by reason of insolvency or any other means whatsoever said income can no longer be personally enjoyed by the said Charles E. Power" the assignment should cease and determine, the said income reverting to the assignor.

For the above and foregoing reasons the respondent's determination is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

TRUSSELL dissents.