ETHEL FISHER DIXON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

KATHERINE FISHER DIXON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ALICE FISHER FOSTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 44302, 47067, 47068, 47069. Promulgated April 15, 1932.

*Charles L. Brown, Esq.*, for the petitioners.
*R. N. McMillan, Esq.*, and *W. H. Payne, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent has asserted deficiencies as follows:

| Petitioner | Docket No. | Year | Deficiency |
| --- | --- | --- | --- |
| Ethel Fisher Dixon | 44302 | 1924 | $991.90 |
|  | 44302 | 1925 | 559.27 |
|  | 47069 | 1926 | 464.50 |
| Alice Fisher Foster | 47067 | 1924 | 10,942.43 |
|  | 47067 | 1925 | 2,821.82 |
|  | 47067 | 1926 | 2,151.92 |
| Katherine Fisher Dixon | 47068 | 1924 | 5,865.43 |
|  | 47068 | 1925 | 2,859.47 |
|  | 47068 | 1926 | 2,212.74 |

The principal issue is whether each petitioner's share of the income of a testamentary trust under which all are beneficiaries shall be ratably decreased for Federal income-tax purposes by deducting therefrom a ratable part of the depreciation sustained by the physical property included in the corpus of the trust. The several proceedings have been consolidated for hearing.

Each of the petitioners is a resident of Chicago, Illinois. All are surviving daughters of Lucius G. Fisher, who died testate on March 20, 1916. Under the terms of the decedent's will the petitioners and their brothers were designated as life beneficiaries of a trust, the corpus of which included certain office buildings in Chicago. The provisions of the will material here are as follows:

Fifth: I give, devise and bequeath all of my real estate to Charles B. Osborne as trustee for the purposes and with the powers following, to-wit: * * * Said trustee is also authorized * * * to insure, to improve, and to do all other acts in his judgment needful or desirable to the proper and advantageous management of said trust estate so as to protect the same and make the same productive * * *.

Out of the net income derived from said trust estate I direct that the following payments to be made by said trustee:

1st. To each of my children the sum of Five Thousand Dollars ($5,000.00) per annum in equal quarterly installments commencing from the date of my death. * * *

* * * * * * *

4th. To pay over the residue of the net income of said trust estate in each year in quarterly payments to my children in equal shares. * * *

The will of the decedent is the only evidence before the Board. From its terms we must determine whether the beneficiaries of the trust are entitled ratably to decrease their respective incomes by deducting therefrom certain amounts representing depreciation sustained by the depreciable assets included in the corpus of the trust. This identical question has heretofore been considered, exhaustively discussed, and decided by the Board. We have uniformly held that the terms of the trust instrument must determine whether trustees are authorized to set up a reserve for depreciation and to deduct ratable parts thereof each year from the income distributable to the beneficiaries. At bar there is nothing in the instrument that authorizes such a reserve and there is a provision that the net income shall be distributed. In this situation we affirm the determination of the respondent. *Baltzel* v. *Mitchell*, 3 Fed. (2d) 428; *Estate of Virginia I. Stern*, 7 B. T. A. 853; *Frederick M. Hubbell et al.*, 14 B. T. A. 1040; affd., *Hubbell* v. *Commissioner*, 46 Fed. (2d) 446.

The petitioners also allege that they are entitled to have their several incomes for each of the taxable years ratably decreased on account of the payment of certain municipal and other taxes in such years by the trustees. No evidence to sustain this allegation was

adduced and, as it is denied by the respondent, his determination thereto must be affirmed.

> *Decision will be entered for the respondent in each of the proceedings for each of the years involved.*