JOSEPHINE K. LAFLIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 43499, 43500, 48402. Promulgated May 24, 1932.

*Calvin F. Selfridge, Esq.*, and *William B. Hale, Esq.*, for the petitioner.,

*R. N. McMillan, Esq.*, and *Wilford H. Payne, Esq.*, for the respondent.

OPINION.

SMITH: These proceedings, consolidated for hearing, are for the redetermination of deficiencies in income tax for the years 1924 to 1927, inclusive, as follows:

| Docket No. | Year | Deficiency |
|------------|------|------------|
| 43499 | 1924 | $1,522.00 |
|       | 1925 | 1,041.04 |
| 43500 | 1926 | 1,041.04 |
| 48402 | 1927 | 1,040.88 |

The point in issue is whether the petitioner, a beneficiary of a trust established under the will of the late Louis E. Laflin, is liable to income tax in respect of a depreciation reserve set aside by the trustee, the petitioner herein, to provide for depreciation upon a certain building constituting a part of the corpus of the trust.

Louis E. Laflin died September 2, 1922, a resident of Lake Forest, Lake County, Illinois, leaving a last will and testament, which was duly admitted to probate in the Probate Court of Lake County. The petitioner herein is the widow of the decedent and is the sole life beneficiary and likewise the sole trustee of a trust estate created by the will of her deceased husband. She was born February 27, 1862.

At the time of his death Louis E. Laflin owned a certain piece of real estate in Chicago, Illinois, known as 521–525 South Wabash Avenue. Since his death it has been continuously owned in fee simple by the trustee under his will. Said real estate is improved with a seven-story and basement brick building of loft-type construction. It was used for commercial purposes during the taxable years involved herein. The petitioner, as trustee of the trust estate, in each of the years 1924, 1925, 1926, and 1927 reserved out of the gross income of the trust estate $4,164.17 as a reserve for depreciation and obsolescence on the building above referred to.

The $4,164.17 so reserved in each of the years 1924, 1925, 1926, and 1927 was invested by the trustee and is now a part of the capital of the trust estate. No part of this reserve has ever been distributed by the petitioner, as trustee, to herself as life beneficiary of the trust. She has continuously construed the will of her deceased husband to require the creation and maintenance of such a depreciation reserve.

The sound value of the building on or about September 2, 1922, was $177,625 and a reasonable allowance for depreciation and obsolescence

of the building belonging to the trust estate during each of the taxable years involved is $4,164.17.

The last will and testament of Louis E. Laflin, after providing in paragraph first for the payment of various expenses and debts of the estate, provides in paragraph second as follows:

PARAGRAPH SECOND: All of the rest, residue and remainder of my estate, real and personal, of any and every kind and description whatsoever and wheresoever situated, I give, devise and bequeath to my wife, JOSEPHINE KNOWLAND LAFLIN, as Trustee, upon and subject to the following trusts; that is to say:

In trust to hold, manage, administer and control the trust estate until the termination of all the trusts hereby created and in so doing my said Trustee shall have full power and authority to do all and the same acts and to exercise all and the same discretion and to execute and deliver all and the same instruments which she might do, exercise and execute if she were the actual beneficial owner of the property held by her at any time in trust under the provisions of this my Will; and in trust to collect all the income, rents and profits of the trust estate and out of the same to pay all taxes and special assessments and all water rates and all other public charges of every kind and description whatsoever on all the property belonging to the trust estate, and also all cost of insurance and all necessary and proper costs, charges and expenses of any and every kind and description whatsoever connected with or growing out of the management of the trust estate or the exercise of any of the powers conferred by this my Will on my said Trustee.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

Subject to the provisions of this my Will, the trust estate shall be held in trust by my said trustee upon and subject to the following trusts;

My said wife shall be entitled to receive and retain as her own absolute property all the net income of the trust estate as long as she shall live.

I further declare that the provisions made in this my Will are in lieu of dower and all other interests in my estate.

The petitioner as life beneficiary did not include in her taxable income for the years 1924 to 1927, inclusive, the amounts retained by her as trustee of the trust estate as depreciation and obsolescence upon the building at 521–525 South Wabash Avenue. The respondent has amended the petitioner's income-tax returns for the years in question by adding thereto the amounts reserved by the trustee to provide for depreciation and obsolescence of the building.

Section 219 (b) (2) of the Revenue Acts of 1924 and 1926 provides for the deduction from the gross income of the estate or trust in the determination of the net income, among other items, the following:

(2) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, &ast; &ast; &ast; but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. &ast; &ast; &ast;

The question for our determination in these proceedings is whether there is to be included in the net income of the petitioner as life beneficiary the amounts reserved by the petitioner as trustee to take care of depreciation and obsolescence upon the building forming a part of the assets of the trust estate. The will of the decedent directs that the life beneficiary " shall be entitled to receive and retain as her own absolute property all the net income of the trust estate as long as she shall live." What constitutes the " net income " of the trust estate during the taxable years under review? There is no provision in the trust instrument directing or empowering a trustee to provide a sinking fund to rebuild or restore any trust corpus which might become valueless through depreciation. The nearest approach to this power on the part of the trustee is that part of the instrument which provides that the trustee shall pay " all cost of insurance and all necessary and proper costs, charges and expenses of any and every kind and description whatsoever connected with or growing out of the management of the trust estate."

It is a widely established rule that a beneficiary entitled to the income from an estate for life is entitled to receive the full income without regarding depreciation, and that the remainderman is entitled only to the portion of the original estate which is left. *Milner* v. *Brockhausen*, 153 Ia. 560, 565; *Whitcomb* v. *Blair*, 25 Fed. (2d) 528, 529; *Baltzell* v. *Mitchell*, 3 Fed. (2d) 428, 430; certiorari denied, 268 U. S. 390.

In *F. C. Hubbell*, 14 B. T. A. 1040, this Board, in sustaining the Commissioner, held that where the trust instrument did not by express provision require the trustee to set up out of income a reserve or sinking fund to offset depreciation, the amount so withheld from distribution by the trustee can not be omitted from the net income taxable to the beneficiary. The United States Circuit Court of Appeals for the Eighth Circuit, in affirming the decision of the Board (*Hubbell* v. *Burnet*, 46 Fed. (2d) 446; certiorari denied, 283 U. S. 840), in its decision stated:

\* \* \* The trust instrument contains in itself a complete code of rules concerning what may be done for the maintenance and improvement of the property intended during the trust period. By implication it negatives any idea of the creation of a sinking fund for replacements, and that is what the setting aside of these sums as a charge for depreciation amounts to. Undoubtedly the settlors might have provided for such a deduction from the net income accruing to the beneficiaries, if such was their desire. It is equally beyond doubt that no such provision was made. It would follow, therefore, that the sums set aside for depreciation were distributable to the beneficiaries in the trust convention, and, as such, were subject to tax, as found. This result accords with the great weight of authority applicable to the situation presented. \* \* \*

It conclusively appears, therefore, that these amounts, reserved by the trustees as a charge for depreciation, are distributable to the beneficiaries, and are taxable as such, whether actually distributed or not, in accordance with the provisions of the statute. There is in the trust instrument no authority for the creation of a sinking fund to meet depreciation of the corpus. As has been said, that instrument was prepared with great care and attention to details. If the trustors had had in mind a proceeding of this nature, vitally affecting the income of the beneficiaries, unquestionably they would have covered it by explicit statement. * * *

The setting up of a reserve for depreciation in the present proceedings by the trustee is similar to the situation considered by this Board in *Estate of Virginia I. Stern*, 7 B. T. A. 853, in which we said:

The fact that the trustees for family reasons desired to provide this sinking fund has no effect on the taxability of these amounts to petitioners. These amounts were distributable under the will of Isaac Stern and are taxable to them " whether distributed or not."

To the same effect are the decisions of the Board in *Mary P. Eno Steffanson*, 1 B. T. A. 979; *C. D. Woodard*, 2 B. T. A. 432; *Helene R. McConnell*, 3 B. T. A. 260; *Arthur H. Fleming*, 6 B. T. A. 900; *Louise P. V. Whitcomb*, 4 B. T. A. 80; *Sophia G. Coxe*, 5 B. T. A. 261; *George D. Widener*, 8 B. T. A. 651; *Catharine A. Codman*, 20 B. T. A. 880; affd., 50 Fed. (2d) 763; *Abell* v. *Tait*, 30 Fed. (2d) 54; certiorari denied, 279 U. S. 849.

The petitioner in her brief relies upon the decisions of the Board in *E. L. E. Brenneman et al.*, 10 B. T. A. 544, and *Marguerite T. Whitcomb et al.*, 22 B. T. A. 118. In the first mentioned case the Board held that the trustees properly deducted amounts for depreciation and depletion of an oil-producing property comprising part of the trust, and that the amounts so deducted were not taxable to the beneficiaries. In the last named case the Board held that amounts deducted for exhaustion, wear and tear of trust property were not income to the petitioner. The decision was rested upon a judgment of the Superior Court of the State of California which determined and held that the trustee should have deducted from the gross income of the trust and retained in his possession amounts adequate to offset the depreciation of the trust property.

Since it does not appear that the depreciation deduction here was required either by the terms of the trust instrument or by the law of the State of Illinois, the amounts were distributable to the petitioner in each of the years involved and are therefore taxable to her as the beneficiary.

*Judgment will be entered for the respondent.*