EDITH R. WOOD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47766. Promulgated April 27, 1933.

*James A. Tillinghast, Esq.,* for the petitioner.
*C. C. Holmes, Esq.,* for the respondent.

OPINION.

GOODRICH: Respondent determined a deficiency in income tax for the year 1926 of $3,097.02, all of which is in controversy. The case was put in upon agreed statements of fact which we adopt as our findings, together with the exhibits. For the purposes of this report the issue may be presented by a brief statement.

The will of petitioner's deceased husband established a trust of the residue of his estate, which included stock of Edington & Co., Inc. Petitioner was named life beneficiary of the income of the trust and her two children, of whom she was duly appointed guardian, were the remaindermen. The trustees feared that the business of the Edington Company might be subject to fluctuation and therefore the security of the investment therein uncertain, to the detriment of the remaindermen, and therefore proposed to sell the stock of that company owned by the trust and reinvest the proceeds in more stable securities, which probably would yield less income. Petitioner, that she might enjoy the larger income, desired that the stock be retained by the trust and, in order to compensate the remaindermen for their risk, agreed to share with them the dividends received upon the stock.

Accordingly, on November 29, 1922, petitioner entered into a written agreement with the trustees, undertaking to establish trusts for

each of her children and to pay over to the trustees thereof one-half of all money paid to her from the trust established by the will of her deceased husband, " which is in any way derived from said Edington & Co., Inc.; said payments by me to be made simultaneously with the receipt by me, from time to time, of any income derived from the investment * * * in said Edington & Co., Inc." The intention of the agreement was further elucidated by a provision authorizing the trustees to retain one-half the income derived from the investment of the Edington Company and pay it equally to the trusts created for the children. As consideration, the agreement recited, *inter alia*, " that the investment * * * in Edington & Co., Inc., shall not be immediately liquidated."

Thereafter, petitioner was appointed as one of the trustees of the trust of which she was life beneficiary and in that capacity, on January 1, 1926, entered into another agreement with herself, individually, and as guardian of her children, respecting the income from the Edington stock. This agreement, which was in a way an enlargement of the first, was motivated by considerations similar to those upon which the first was based, although the trustees were not bound to hold the stock beyond such time as they deemed it beneficial so to do. The principal change in provision here material from that of the first agreement was as follows:

* * * in consideration that the said trustees will not immediately liquidate the said investment but will hold said investment under the terms of this agreement, said Edith R. Wood, (petitioner) individually, does hereby release all claim to one half (½) of the net income received by the trustees from said investment, and the said trustees agree to pay over one-half (½) of said net income from said investment to said Edith R. Wood, and to pay over the other one-half (½) of said net income to the trustees of the trusts created for the children.

In 1926 the trustees received $47,600 as dividends from the Edington Company. Of this amount they paid over to petitioner $41,500. Of the dividend received on September 15, 1926, the trustees retained one-half, or $6,100, and paid over that amount to the children's trusts. In determining the deficiency, respondent has included in petitioner's income the whole of the dividends received from the Edington Company. Before this proceeding was brought, petitioner remarried and is now a resident of St. Matthews, Kentucky.

The sole issue here is, Who is the taxable recipient of the dividends paid by the Edington Company upon the stock held by the trust? Petitioner contends that, while one-half belonged to her, the other half, because of her assignments, belonged to the trusts established for her children. Respondent has determined that the dividends were taxable wholly to petitioner because her assignments were in-

valid and, further, whether effective or not, they transferred, not a property right from which income might arise, but income only, the tax upon which falls against the original rightful recipient, irrespective of agreements, however binding, respecting subsequent disposition. Petitioner argues further that the assignments, the second being but an expression of the intent of the first, transferred all she had which was, she contends, a property right—the right to receive income—created by will and subject to no restrictions upon alienation and that, having assigned that right, the income thereafter arising under it belonged not to her, but to her assignees.

We sustain respondent's determination without passing upon the questions raised as to the validity of the assignments. The earlier assignment was fully considered by the United States Court of Claims in a proceeding brought before it by petitioner, involving, with respect to 1924 income, the identical issue now before us for the year 1926. The court held that the assignment of income as it is received does not relieve from tax thereon the person to whom the income was payable in the first instance, and that the agreement of November 29, 1922, entered into by this petitioner, did not effect a shifting of the tax burden. *Edith R. Porter* v. *United States*, 52 Fed. (2d) 1056. We agree with that decision and therefore we need consider only whether the agreement of January 1, 1926, either as an expression of the intention of the prior instrument or as an enlargement of it, served to relieve petitioner of tax upon the trust income.

In our opinion, it did not. Petitioner's only right was to receive the net income of the trust. Relying upon *O'Malley-Keyes* v. *Eaton*, 24 Fed. (2d) 436; *Young* v. *Gnichtel*, 28 Fed. (2d) 789; *Shellabarger* v. *Commissioner*, 38 Fed. (2d) 566, and other cases, she contends that she could assign her right to a fixed and determined part of that income so that it would belong and be taxable thereafter not to her, but to her assignees. But, even assuming that she had that power, she did not here exercise it. She did not assign her right to a fixed and determined part of the income of the trust; she released an assumed claim to a part of certain dividends which *might be* received by the trustees upon stock owned by the trust. Beyond her equitable interest as a beneficiary, she had no ownership in or control of the stock upon which dividends might be paid in the future, nor had she a claim of ownership to the dividends themselves, or the right to receive them as such. She owned only the right to receive the net income of the trust. That right, or a definite part of it, she might alien, but not by the relinquishment of a claim, which she did not legally possess, to one of the component items, indefinite both as to receipt and amount, which if and when received, went to make up the income of the trust. Elongated assumption at most could make

no more from this agreement than an assignment of dividends which, without the complete divestiture of petitioner's interest to the stock upon which they are paid, will not relieve her of the tax upon them. *Rosenwald* v. *Commissioner*, 33 Fed. (2d) 423; *Bing* v. *Bowers*, 26 Fed. (2d) 1017.

We conclude that petitioner did not effect an assignment of any interest which she had in the trust established under her husband's will, such as would relieve her of tax upon the income. Cf. *Elizabeth D. Smith et al., Executors*, 25 B. T. A. 291; *William Ernest Seatree*, 25 B. T. A. 396.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

SMITH, dissenting: The petitioner's only property in the trust fund involved in this proceeding was a right to receive the income thereof during her life. For a valuable consideration she released all claim to one-half of the dividends received on an investment of the fund so long as the investment was held by the trustees in favor of her children. This constituted an assignment of an interest in the property which she owned. In *Chase Nat. Bank* v. *Sayles*, 11 Fed. (2d) 948, 955, the court said:

It has long been recognized that equitable interests in property may be assigned by way of gift, that the assignment may be of the whole or a part of the assignor's interest, and that the only material question is whether the circumstances show a completed transaction—an intention to pass a present interest and such delivery of the subject matter as its nature permits, and that, if they do, the gift is irrevocable. [Citing many cases.]

It is elementary that the incidence of the income tax is upon the one who receives and has the unfettered control and use of income and not upon the one who acts as a conduit to pass the income on to another. The burden of the tax is upon the one who receives the income out of which the income tax may be paid. There are exceptions such as those which make the grantor of a revocable trust liable to tax upon the income of the trust. But none of those exceptions apply here.

The language used by Judge Thomas in *O'Malley-Keyes* v. *Eaton*, 24 Fed. (2d) 436; is equally applicable here.

After all, the stark *fact* is that the plaintiff did not receive this income, and cannot receive this income. To say that she did receive it is to indulge in a deliberate fiction. Suppose that she had never assigned her interest, and suppose, further, that she deliberately declined to accept any income from her greatgrandfather's estate; could we say that the income was received by her and tax her accordingly, in spite of the fact that we concede that she did not receive it at all? Are we to inject into the law some doctrine of con-

structive income? If Congress legislated to this effect, the question of its constitutional power might well be raised.

To the same effect see *Young* v. *Gnitchel*, 28 Fed. (2d) 789; *Shellabarger* v. *Commissioner*, 38 Fed. (2d) 566; *Copland* v. *Commissioner*, 41 Fed. (2d) 501; *Bettendorf* v. *Commissioner*, 49 Fed. (2d) 173; *Nelson* v. *Ferguson*, 56 Fed. (2d) 121.

VAN FOSSAN and MCMAHON agree with this dissent.