FRANCIS ERNEST DRAKE, EXECUTOR OF THE ESTATE OF MRS. IVOR O'CONNOR DRAKE, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANCIS ERNEST DRAKE, EXECUTOR OF THE ESTATE OF MRS. FRANCIS E. DRAKE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 14139, 22308, 34670, 42625, 49028.    Promulgated April 24, 1934.

*George S. Atkinson, Esq.*, for the petitioner.
*Shelby S. Faulkner, Esq.*, for the respondent.

462

## OPINION.

LANSDON: The petitioner contends that the decedent's surrender, by waiver, of her dower and other interests in O'Connor's estate, to

take under the trust provisions of his will, made her purchaser of the payments made to her at the price or value of her interests so surrendered, and that except and until she has first had returned to her payments equal in amount to those interests she cannot be held to have received any taxable income in virtue of them. He also contends that the decedent's interest in that estate is determinable by the laws of the Republic of France, in virtue of an alleged marital domicile there established and maintained by O'Connor to the date of his death.

Although no sufficient proof has been introduced by petitioner to convince us that O'Connor ever abandoned his domicile in Dallas, Texas, that question is of no importance here in view of the law which controls the issue, as recently declared in *Commissioner* v. *Butterworth*, 290 U.S. 365, in a decision of the Supreme Court holding contrary to the contention of the petitioner. That decision overrules, by specific reference, *Warner* v. *Walsh*, 15 Fed. (2d) 367; *United States* v. *Bolster*, 26 Fed. (2d) 760; and *Allen* v. *Brandeis*, 29 Fed. (2d) 363, supporting petitioner's view. In its decision the Supreme Court pointedly states and answers this issue as follows:

Is a widow who accepts the provisions of her husband's will and receives part or all of the income from an established trust in lieu of her statutory rights a beneficiary within the ambit of the statute? We think she is. It is unnecessary to discuss her rights or position under other circumstances. We are dealing with a tax statute and seeking to determine the will of Congress.

When she makes her election the widow decides to accept the benefits of the will with the accompanying rights and liabilities. In no proper sense does she purchase an annuity. For reasons satisfactory to herself, she expresses a desire to occupy the position of a beneficiary and we think she should be so treated.

Upon authority of that decision we hold that the payments here in dispute were properly included in the decedent's taxable income. *Annie C. Atwood*, 29 B.T.A. 740.

The petitioner's contention that the payments to decedent from the O'Connor estate were impressed with an oral trust which obliged her to share it with the minor children is without merit, in view of the written terms of the will above quoted in our findings of fact, which makes it her separate property, free from all claims. Upon this issue the respondent is affirmed.

The next contention made by petitioner is that deductions should be allowed from the decedent's income for the sums paid to Ivor Elizabeth Trezevant, in compromise of claims made against the O'Connor estate and to prevent a suit in the courts contesting the will.

The deductions here contended for were payments made pursuant to the terms of the contract set out in our findings of fact. Under this contract the decedent obligated herself to make the payments

here in issue from her income during their joint lives, through her agents, E. O. Tenison and the City National Bank of Dallas, Texas, after it had accrued to her. It is obvious, under this agreement, that there was no assignment of income such as would transfer title before it was earned, as obtained in *Shellabarger* v. *Commissioner*, 38 Fed. (2d) 566, which the petitioner has cited as authority for his contentions. In the *Shellabarger* case two sisters, sole beneficiaries under their father's will, made a settlement between themselves respecting the distribution of their father's estate before the will was admitted to probate. Their settlement agreement allowed the will to stand, but in consideration for such concession the favored sister under it agreed to divide equally with the other the cash legacy and benefits from trusts created of the residuum of the estate. Although in that case one sister, Maude, was allowed to collect the income, the court found as a matter of law that, because of the nature of the settlement and the rights surrendered by the other, without which the will would not have been probated, an assignment was effected, and that she received half of the income as trustee. The language of the court in explaining its basis for that conclusion is as follows:

While the whole of the net income from the trusts was received by Maude, *the half did not accrue to her as income* but on the instant of receiving it she held it in trust for Georgia and the bank, and it was in good faith paid over as received, pursuant to her vested and binding contract.

Other decisions cited by petitioner are *Young* v. *Gnichtel*, 28 Fed. (2d) 789; *O'Malley-Keys* v. *Eaton*, 24 Fed. (2d) 436; *Marshall Field*, 15 B.T.A. 718. See also on this point *Commissioner* v. *Field*, 42 Fed. (2d) 821.

In all of the cases relied upon by the petitioner to sustain his contentions, the courts found that a novation in ownership of the income before its accrual had been effected; but in no case, so far as we can find, have the courts or this Board held that the title to income in any respect was affected where its owner merely obligated himself, in a simple contract, to pay it, or part of it, over to another after it accrued to him. *George M. Cohan*, 11 B.T.A. 743; *Arthur H. Van Brunt*, 11 B.T.A. 406; *Julius Rosenwald*, 12 B.T.A. 350; *Marion Stone Burt Lansill*, 17 B.T.A. 413; *H. F. Marie Clausen*, 28 B.T.A. 559; *James McDonald*, 28 B.T.A. 1234; *Frank Turner*, 28 B.T.A. 91; *Edith R. Wood*, 27 B.T.A. 1308; *Oscar Mitchell*, 27 B.T.A. 101.

Respecting the case at bar, it is obvious that under the terms of the will the decedent was without power to assign or transfer the income in issue to her daughter. The recitals from the will hereinabove quoted show that the testator intended that all sums payable to the widow and daughters should be *their separate property* and not subject to assignment or anticipation. In this situation a novation such as is here contended for could not be effected, even if the

parties so intended. *Commissioner* v. *Blair*, 60 Fed. (2d) 340; *Hazel T. Power*, 23 B.T.A. 428; affd., 61 Fed. (2d) 625.

The payments here involved were properly included in the decedent's gross income, and since they do not fall within any deductible class provided for in the statutes, we must hold that they do not constitute allowable deductions in any of the years in review. *Lindley* v. *Commissioner*, 63 Fed. (2d) 807; *White* v. *Commissioner*, 61 Fed. (2d) 726. On this issue the contention of the petitioner is denied.

During the years 1920 to 1927, inclusive, buildings and other physical assets belonging to the three trusts suffered depreciation, which the petitioner contends should be allowed as deductions from the decedent's taxable income in the years to which they relate. The respondent has rejected these claims under authority of *Codman* v. *Miles*, 28 Fed. (2d) 823, and other court and Board cases cited in his brief.

The petitioner contends that *Falk* v. *Commissioner*, 64 Fed. (2d) 151; affirmed in *Helvering* v. *Falk*, 291 U.S. 183, supports his contention. In that case the court reversed this Board's decision on an issue involving depletion of a mining lease and held that the beneficiaries whose income was from royalties on production from a reserve, certainly recoverable before the expiration of a lease, were, in fact, the equitable owners of the reserve and as such were therefore entitled to the depletion deductions allowed mine properties as worked out. To the same effect, under similar facts, was our decision in *Ida L. Kuhn*, 24 B.T.A. 216; Cf. *United States* v. *Ludey*, 274 U.S. 295. These decisions are based on facts which show that the taxpayers owned economic interests in mineral reserves and that proceeds from such reserves therefore constituted a return of capital. This is the controlling principle also in *Palmer* v. *Bender*, 287 U.S. 551, and *Lynch* v. *Alworth-Stephens Co.*, 267 U.S. 364. In the *Falk* case, *supra*, the Supreme Court, in discussing section 219 (b) of the Revenue Act of 1921, said: "But we cannot accept the view that this was intended to impose a tax upon the part of the proceeds which represents the return of capital assets." In the instant proceeding the petitioner has no economic interest in the depreciable assets in question. The income is not proceeds from the disposition of any part of the property, but arises solely from the use thereof. The cases cited relate only to allowance for the depletion of assets in which taxpayers own economic interests. They do not overrule *Weiss* v. *Wiener*, 279 U.S. 333, where deduction for depreciation is denied to a taxpayer who had made no capital investment in the property nor sustained any loss in connection with its use.

The rule respecting depreciation claims where a beneficiary receives income only with no remainder interest in the producing cor-

pus is that he owns no interest subject to depreciation. *Codman* v. *Miles, supra; Whitcomb* v. *Blair*, 25 Fed. (2d) 528; *Kaufman* v. *Commissioner*, 44 Fed. (2d) 144; *Roxburghe* v. *United States*, 64 Ct. Cls. 223; *Rita M. Kohler White*, 23 B. T. A. 391; *Josephine K. Laflin*, 26 B.T.A. 136; affd., 69 Fed. (2d) 460; *Ethel Fisher Dixon*, 25 B.T.A. 1164. Clearly the issue here is within the latter class of cases and the petitioner's contention must, therefore, be denied.

The petitioner further contends that, in any event, the decedent's three children, under the laws of France, would be entitled to a three-fourths interest in all of their deceased father's property; and that in view of such facts we should now hold that the decedent received only one fourth of the income paid to her in her own right and the rest in trust for the children. In our opinion the laws of France have no application here. The will of O'Connor was duly probated by a court of competent jurisdiction in the State of Texas, in a proceeding to which the decedent was a party and which we have no jurisdiction to review. In this appeal we are concerned only with the taxability of the income from the trust in the hands of the decedent, and not in the question whether or not the trustees properly paid it to her. *Acacia Park Cemetery Assn.* v. *Commissioner*, 67 Fed. (2d) 700; *Roxburghe* v. *United States, supra; Irwin* v. *Gavit*, 268 U.S. 161; *Merchants Loan & Trust Co.* v. *Smietanka*, 255 U.S. 509; *Baltzell* v. *Casey*, 1 Fed. (2d) 29; *Louise P. V. Whitcomb*, 4 B.T.A. 80.

The respondent has stipulated that deductions from the decedent's income should be allowed as follows: $13,561.37 as additional losses from stock sales in 1920; $600 on account of undistributable gain from O'Connor's estate in 1924; $3,668.22 representing drainage taxes paid in 1926; $2,257.81 as overstatement of Liberty Bond interest in 1927.

Reviewed by the Board.

*Decision will be entered under Rule 50.*