# 832

## GRACE H. CRAWFORD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 73216. Promulgated May 31, 1934.

*John T. Kennedy, Esq.*, for the petitioner.

*Arthur Carnduff, Esq.*, and *James H. Yeatman, Esq.*, for the respondent.

### OPINION.

SMITH: The respondent has determined a deficiency in petitioner's income tax liability for 1930 of $1,540.99. The only question in issue is whether the petitioner is taxable upon all or only one half of the income from a certain trust created by the petitioner's mother on January 22, 1923. The trust provided that the settlor should turn over to the National City Bank of New York as trustee certain securities, the income from which was to go one half to the petitioner and one half to the petitioner's brother, John B. Hower. The trust was to continue for the respective lives of the beneficiaries. The settlor retained the power in the fourth section of the trust agreement to alter or revoke the trust at any time by an instrument in writing. On December 30, 1924, the settlor amended the trust agreement as follows:

That the undersigned, BLANCHE E. HOWER, does hereby alter and modify said instrument by adding at the end of Section Fourth of said Agreement, a second proviso in the words following, to wit:

"And, provided further, that the Settlor shall not have the power at any time during any taxable year within the meaning of the revenue laws of the United States to revest in herself title to any part of the corpus of the trust hereby created except upon written notice delivered to the Trustee during the preceding taxable year, or except with the consent of the beneficiary entitled to the income of each share affected, and *provided still further*, that no part of the income of said trust may, in the discretion of the Settlor, be distributed to her

or held or accumulated for future distribution to her, except with the consent of the beneficiary entitled to the income of each share affected, and also that no part of the income of said trust may be applied by the Trustee to the payment of premiums upon policies of insurance on the life of the Settlor."

In 1927 the petitioner's brother, who was married and had two children, became involved in marital difficulties and divorce proceedings were imminent. In view of this situation and for the purpose of protecting the brother's share of the trust income, which his wife had threatened to have attached, it was agreed between the settlor, the petitioner, and her brother that the trust agreement should be altered so as to make all the income thereof payable to the petitioner, who would pay over one half thereof to her brother. Pursuant to the aforesaid agreement between the parties, the petitioner, on April 28, 1927, executed the following agreement before a notary public:

This is to certify that the Trust Fund which my Mother has established in my name, I agree to share equally with my brother, John Bruot Hower. And in case of my passing on before my brother my share in this fund is to go entirely to my brother. And it is further agreed between my Mother and brother and I that on my brother's passing on this fund is to go to his two children, John Bruot and Jean Eloise, to remain intact until they each arrive at the age of thirty.

[Signed]    GRACE HOWER CRAWFORD.

April 28th, 1927.

The above agreement was not sent to the trustee, but was kept in a safe-deposit box to which the petitioner and her brother had access.

The trust agreement of January 22, 1923, as amended on December 30, 1924, was further amended as per the following agreement dated April 30, 1927:

I, BLANCHE EUGENIA HOWER, of Akron, Ohio, designated as the Settlor in an Agreement with THE NATIONAL CITY BANK OF NEW YORK, therein designated as Trustee, dated January 22, 1923, pursuant to power reserved to me by Article Fourth of the said Agreement as modified by an instrument in writing executed December 31, 1924, HEREBY ALTER AND MODIFY the said Agreement as follows:

FIRST

I hereby apply and annul Paragraphs I and II of Article First of the said Agreement, and in lieu thereof, I direct that there be inserted the following:

"I. To apply the income thereof to the use of the daughter of the Settlor, Grace Hower Crawford, during her life."

"Upon the death of the said Grace Hower Crawford, to convey, transfer and pay over the principal thereof to the persons and in the shares designated in her Last Will and Testament, or in default of such designation, in equal shares, per stripes and not per capita, to her lineal descendants then surviving."

SECOND

This amendment shall take effect upon acknowledgment by the Trustee of its consent hereto and all income which shall accrue after the date of such consent shall be payable in accordance with the terms hereof.

834

The above instrument was consented to by the National City Bank of New York on May 2, 1927.

In accordance with instructions the trustee had for many years deposited the trust income in a joint bank account in the National City Bank of New York in the name of the petitioner and her brother. Each had authority to draw upon the bank account and in 1930 each withdrew his or her portion of the income.

Prior to June 17, 1931, and after the divorce proceedings had terminated, the trust agreement was again altered so that the income was payable one half to petitioner and one half to her brother as it was originally.

The petitioner's brother prepared income tax returns for himself and the petitioner for 1929 and 1930. In the petitioner's income tax return for 1929 there was included the entire income of the trust fund and the brother returned no portion of it as his own, although actually receiving one half thereof. In the petitioner's return for 1930 there was included only one half of the income from the trust fund. The brother in his return did not report the balance. He testified that upon the advice of accountants a claim had been filed in the name of the petitioner for the refund of a portion of the tax paid by her for 1929 upon the ground that one half of the income of the trust fund was his own income. In making out returns for 1930 the brother included in the petitioner's return only one half of the trust income, expecting to file an amended return for himself for 1930 if it should be determined by the respondent that the petitioner was taxable upon only one half thereof. The evidence does not show that the brother ever filed an amended return for 1930 or that one half of the trust income has ever been returned for tax.

The respondent has determined that after the amendment of the trust instrument in 1928 the petitioner was taxable upon all of the trust income, notwithstanding the fact that one half of such income was drawn by her brother; that the assignment was merely an assignment of future income which did not relieve the petitioner of tax liability therefor.

The applicable taxing statute is the Revenue Act of 1928. Under that act fiduciaries are required to file tax returns. Section 161 of the act requires:

(a) *Application of tax.*—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

\*        \*        \*        \*        \*        \*        \*

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, \* \* \*

Section 162 provides:

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

*       *       *       *       *       *       *

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * * *

The trustee in this case, the National City Bank of New York, filed a fiduciary return for 1930 showing the payment of the entire net income of the trust to the petitioner herein. She was the only beneficiary known to the trustee. The income was deposited by the trustee to the credit of the joint account of the petitioner and her brother. It is admitted that the petitioner could have drawn against the entire amount of the income deposited in such joint account. In other words, the income was all made available to the petitioner.

We think it is clear that under the taxing statute there must be a correlation between the amount of the income paid over to the beneficiary, allowed as a deduction to the fiduciary, and the amount of the income for which such beneficiary is taxable. Otherwise, there is no possibility of a checking of the beneficiary returns against the fiduciary returns.

The petitioner makes an elaborate argument to the effect that by the document executed by her on April 28, 1927, she divested herself of one half of the income payable to her and that by reason of such fact she is not liable to income tax upon the one half of the income which was received by her for the benefit of her brother. We are of the opinion that it is not necessary to pass upon the validity of this assignment, which, so far as the record shows, was not communicated to the trustee. It certainly had no binding force upon the trustee.

In *Hazel T. Power*, 23 B.T.A. 428, the facts were that the petitioner, the beneficiary of a trust fund, made an assignment of the portion of the income of the fund for the benefit of her husband. Under the facts in that case we held that the assignment of future income by the petitioner did not divest her of the liability for the payment of income tax thereon. In affirming our decision, 61 Fed. (2d) 625, the Circuit Court of Appeals for the Eighth Circuit stated:

* * * Thus petitioner never lost control of this income as [a] matter of fact, and it never became the separate property of the assignee. As to actualities, the assignment might have been a blank page. The record is silent

even as to whether the joint bank account resulted from the assignment, although that would not be controlling. * * * The facts are that this entire matter starts with a trust estate in which petitioner has a right to one-half the annual income, and ends with that income paid by the trustees, at her direction, to a joint bank account of herself and her husband. Whatever her intentions and whatever she did concerning the disposition of her income or interest in the trust estate, the net result was that her entire income under the trust was deposited directly to an account over which she had entire control.

We think that the observation of the court quoted above is equally applicable in the proceeding at bar, for here, as there, the entire net income of the trust estate was deposited in a joint account upon which the petitioner had a right to draw the full amount.

It is further to be observed that if the petitioner was a trustee for her brother of one half of the income she should have acted accordingly. She should at least have filed a fiduciary return showing that one half of the income was received for the benefit of her brother. She did nothing of the kind. From the returns filed the respondent could not determine that the petitioner's brother was liable for tax upon any portion of the income deposited to her credit in the joint account. The brother did not return any portion of the income as his own. The statute of limitations has now operated to bar the collection of any deficiency from the brother. At least there is no evidence in the record that by any waiver filed the tolling of the statute of limitations has been stayed. In this situation we think that the petitioner is estopped to deny liability upon one half of the income of the trust fund.

In *Swartz, Inc.* v. *Commissioner*, 69 Fed. (2d) 633, it was stated:

This view makes it unnecessary for us to consider in detail respondent's position advanced as its sole defense before the Board and in the alternative here, that petitioner and Swartz, its sole owners, have by returning the income as petitioner's and not Swartz's estopped themselves from now claiming the contrary. We think, however, that this position is sound and that limitation having now run against taxing it to Swartz, it is too late for him now to assert that he, and not his creature, whom for years, he has induced the Government to accept as the owner, is the real owner of the income. *Planters' Cotton Oil Co.* v. *Hopkins*, 53 Fed. (2) 825; *Walker* v. *Commr.*, 63 Fed. (2) 346; *Commissioner* v. *Garber*, 48 Fed. (2) 526; *Lucas* v. *Hunt*, 45 Fed. (2) 781; *Hartwell Mills* v. *Rose*, —— Fed. (2) ——.

For reasons above stated we sustain the respondent's determination.

*Judgment will be entered for the respondent.*