*1147 OPINION.
Sternhagen:
The Commissioner has treated the situation disclosed by the foregoing facts as governed by section 202 (b) of the Revenue Act of 1918, and has disallowed the deduction taken by the decedent. Section 202 is as follows:
Sec. 202. (a) That for the purpose of ascertaining- the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be—
(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date; and
(2) In the case of property acquired on or after that date, the cost thereof; or the inventory value, if the inventory is made in accordance with section 203.
(b) When property is exchanged for other property, the property received in exchange shall for the purpose of determining gain or loss he treated as the equivalent of cash to the amount of its fair market value, if any; but when in connection with the reorganization, merger, or consolidation of a corporation a person receives in place of stock or securities owned by him new stock or securities of no greater aggregate par or face value, no gain or loss shall be deemed to occur from the exchange, and the new stock or securities received shall be treated as taking the place of the stock, securities, or property exchanged.
When in the ease of any such reorganization, merger or consolidation the aggregate par or face value of the new stock or securities received is in excess of the aggregate par or face value of the stock or securities exchanged, a like amount in par or face value of the new stock or securities received shall be treated as taking the place of the stock or securities exchanged, and the amount of the excess in par or face value shall be treated as a gain to the extent that the fair market value of the new stock or securities is greater than the cost (or if acquired prior to March 1, 1913, the fair market value as of that date) of the stock or securities exchanged.
If the Commissioner is correct in holding that the new stock or securities were received by decedent in place of the Massachusetts Electric preferred shares and that this was in connection with the reorganization of a corporation, his disallowance of the deduction *1148 was necessarily proper, and it is unnecessary to consider whether there was otherwise a realized or sustained loss in any year or particularly in the year 1920 as claimed.
The argument for the petitioner is (1) that the reorganizations contemplated by the statute are only voluntary reorganizations and do not include reorganizations which result from what are called adversary proceedings; and (2) that, even so, this was not an exchange, but a purchase.
We find no justification in the language of the statute for restricting the reorganizations covered thereby to such as the petitioner calls voluntary; and if we could discern such a classification within its intendment, there is much in the evidence to indicate that this case would fall within the statutory class. The fact that one of the events upon which the reorganization was planned was a receivership instituted by a creditors’ bill in equity does not stamp all that follows as a contest or prove that the corporations involved or their stockholders were not voluntarily effecting the reorganization. From the evidence, it would appear that in the circumstances there was substantial cooperation in the plan for the purpose of handling the traction business so that all concerned might fare better than under the old organization. The word reorganization is general and may include a variety of plans and devices. The parties to this plan used the word quite properly but not with any precise or technical meaning, and we see no reason to believe that when Congress in this general statute used the same word at approximately the same time it intended to exclude such situations as this.
We think also that this was an exchange within the meaning of the statute. Under the plan, there were many securities outstanding to be taken care of. The object apparently was to give each a fair place so that each in relation to the others would have a proportionate interest. One new corporation was bejng organized to represent many interests. Some of the old securities were exchanged for one class of the new and others for different classes. The particular shares of decedent were apparently applied so that only by the addition of cash could they be balanced. The primary idea as to these shareholders was that they should be enabled to carry on their interest in the business, and the cash requirement was incidental. No stranger could purchase the new securities at the same figure. The holder of stock rights is in a position somewhat analogous. When he buys his new stock he commingles it with the old and both old and new take the same basis on future sale or disposition. Thomas S. Fuller, 4 B. T. A. 992. See also Miles v. Safe Deposit Trust Co., 259 U. S. 247.
We are of opinion that the respondent correctly applied section 202 (b) to the facts jn evidence.

Judgment will be entered for the respondent.