W. H. HARTMAN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40208. Promulgated July 22, 1930.

*F. O. Graves, Esq., J. Robert Sherrod, Esq.,* and *O. H. Chmillon, C. P. A.,* for the petitioner.

*C. C. Holmes, Esq.,* and *P. M. Clark, Esq.,* for the respondent.

## OPINION.

Morris: In determining the petitioner's taxable income the respondent has added thereto $16,549, the difference between the allowance made by the Duplex Printing Press Co. upon the old press transferred to that company in part payment for the new press acquired by the petitioner, and the depreciated cost of said old press on January 1, 1926, to wit, the difference between $18,124 and $1,575.

In support and justification of his determination, the respondent cites and relies upon *Cooper-Brannan Naval Stores Co.*, 9 B. T. A. 105; *Ives Ice Cream Co.*, 15 B. T. A. 376; and *Wallace G. Kay*, 10 B. T. A. 534.

The first two cases involved the taxable year 1920, and were therefore governed by the Revenue Act of 1918, which does not contain a

provision similar to that found in section 203 (b) (1) of the Revenue Act of 1926, upon which the petitioner in this proceeding relies. The *Kay* case involved the taxable year 1921 and the Revenue Act of that year has a similar provision (sec. 202 (c)(1)) to that here under consideration, but the question involved in that proceeding was whether certain expenses and losses were in connection with the petitioner's trade or business under section 214 of the Revenue Act of 1921. The Board allowed the deduction thereof, having found they were related to the petitioner's business. Those opinions are not authority, therefore, for the respondent's determination in this proceeding.

Subsection 203 (b) (1) of the Revenue Act of 1926 provides:

> No gain or loss shall be recognized if property held for productive use in trade or business or for investment * * * is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment * * *.

That subsection is identical with the same provisions of the Act of 1924 and corresponds to subsection 202 (c) (1) of the Act of 1921, as amended by the Act of March 4, 1923.

As indicating the purpose of the exact wording of the said section of the 1926 and 1924 Revenue Acts, it was stated in Senate Report No. 398 on the 1924 Revenue Act:

> * * * The existing law provides that no gain or loss is recognized if property held for investment or for productive use in trade or business is exchanged for property of a " like kind or use." The contention was made that this provision divided all property into two classes: Property held for investment and property held for productive use in trade or business; and, consequently, that if any property held for investment was exchanged for other investment property, or if any property held for productive use was exchanged for other property to be held for productive use, the exchange was for property of a " like kind or use," and the gain was exempt from tax. In the bill the language is changed to provide that the property held for investment or for productive use must be exchanged for a like kind of property. If the property received is of a like kind, it is immaterial whether it is to be held for investment or for productive use. The intention of the party at the time of the exchange is difficult to determine, is subject to change by him, and does not represent a fair basis of determining tax liability. Consequently it is provided in the bill that no gain or loss is realized if the property received is of a like kind, to be held either for investment or for productive use. * * *

The evidence shows that the petitioner exchanged an old printing press and auxiliary machinery " held for productive use " in its business " solely " for a new printing press and auxiliary machinery, the latter being " property of a like kind " and for use in the same trade or business for which the former was held and used. It is true that the petitioner paid $40,000 in addition to said exchange of machines, but he received no property whatsoever other than the new press and equipment for which he contracted.

We are of the opinion that section 203 (b) (1) of the Revenue Act of 1926 is applicable and in the circumstances set forth in our findings of fact, the petitioner derived no taxable gain by reason of the transaction between the Duplex Printing Press Co. and itself.

*Decision will be entered under Rule 50.*