*745 OPINION.
Smith:
The first contention of the petitioner is that the administration of the estate of Eugene Atwood was completed on March 31, 1928, and that no part of the income of the estate which was received by the executors prior to that date and paid over to the petitioner afterwards is taxable to the petitioner. In making this contention the petitioner relies, first, on article 863 of Regulations 74, which provides in part:
* ⅜ ⅜ a pel.j0(j 0f administration or settlement of the estate ” is the period required by the executor or administrator to perform the ordinary duties pertaining to administration, in particular the collection of assets and the payment of debts and legacies. It is the time actually required for this purpose, whether longer or shorter than the period specified in the local statute for the settlement of estates. * * *
The petitioner submits that all of the outstanding accounts receivable had been collected by the executors prior to March 31, 1928, all the ante mortem, debts had been paid, and all that remained to be done was the payment of the inheritance tax to the State of Connecticut and accounting and legal fees, commissions to executors, and other small items. The decree of the probate court clearly shows, we think, that the administration of the estate was not completed on March 31, 1928. It distinctly sets forth that the executors had filed with the court a “partial administration account”; that a “ partial account was ” accepted on the fourteenth day of April 1928; and that the executors were ordered to retain in their possession certain assets for the purpose of paying and discharging such other and further costs, charges, and expenses as might be incurred in the completion of the administration of the estate. It is further to be noted that the executors in their income tax return for 1928 did not file a return for the period from January 1 to March 31, 1928, inclusive, but filed a return for the calendar year 1928 and by doing so obtained the deduction from gross income of the inheritance tax paid to the State of Connecticut in the amount of $194,337.73 on May 10, 1928. From these facts we conclude that the estate was in the process of administration and settlement during the entire year 1928, the same as the executors considered it both by their accounting and reporting.
The petitioner further contends that inasmuch as the executors in their 1928 income tax return for the estate accounted for its total income to March 31, 1928, she should not be subject to any income tax in respect of such income when paid over to her in 1928. This *746 contention is made by virtue of article 864 of Regulations 74, which provides in part:
⅜ * ⅞ Where tlie tax has been paid on the net income of an estate or trust by the fiduciary, the net income on which the tax is paid is free from tax when distributed to the beneficiaries.
This article must be read in the light of section 162 of the Revenue Act of 1928, which, so far as material, provides' as follows:
SEC. 162. NET INCOME.
The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—
* * * ⅛ * ⅜ *
(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by tlie fiduciary to the beneficiaries, and tlie amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * * *
(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.
The legal situation presented upon this point has been resolved by the Supreme Court in Helvering v. Butterworth, 290 U.S. 365. In that case the Court observed:
Is a widow who accepts the provisions of her husband’s will and receives part or all of the income from an established trust in lieu of her statutory rights a beneficiary within the ambit of the statute? We think she is. It is unnecessary to discuss her rights or position under other circumstances. We are dealing with a tax statute and seeking to determine the will of Congress.
When she makes her election the widow decides to accept the benefits of the will with the accompanying rights and liabilities. In no proper sense does she purchase an annuity. For reasons satisfactory to herself, she expresses a desire to occupy the position of a beneficiary and we think she should be so treated.
The income from the estate and trust paid over to the petitioner m 1928 was in the total amount of $540,267.11. The stipulation filed in this case is to the effect that of this amount $171,331.92 represented income that had been collected by the executors of the estate in years prior to January 1, 1928, to wit, 1926 and 1927, and said sum had been reported by the executors on their returns and taxes paid thereon. Such amount is not subject to income tax in the hands *747 of the petitioner, under the provisions of article 864 of Regulations 74. The balance constitutes taxable income.
Reviewed by the Board.

Judgment will be entered under Rule SO.