GEORGE E. HAMILTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60991.   Promulgated March 20, 1934.

*George E. Hamilton, Jr., Esq.*, and *John F. McCarron, Esq.*, for the petitioner.

*George D. Brabson, Esq.*, for the respondent.

**OPINION.**

MARQUETTE: The petitioner contends, first, that, when the New Hampshire Avenue property was abandoned as a residence and was placed in the hands of real estate agents for sale, at that time it became a transaction entered into for profit, and he cites *Larkin* v. *Gage*, 28 Fed. (2d) 18, in support of his position. We disagree.

Under the decision of the Supreme Court in *Heiner* v. *Tindle*, 276 U.S. 582, the use of property to produce revenue is characterized as a transaction entered into for profit, and until there is an appropriation of the property to rental purposes it retains its character as a residence. Such appropriation did not take place until March 1, 1923, when the property was leased. *Joseph F. Cullinan*, 16 B.T.A. 991. The basis, therefore, in the computation of gain or loss would be the value of the property on March 1, 1923, with proper allowance for allowable depreciation to the date of disposition. *United States* v. *Ludey*, 274 U.S. 295. We do not have these factors before us, and even if the petitioner were right in his next contention, we could not afford him the relief he seeks.

The petitioner next argues that since the New Hampshire Avenue property and money were exchanged for the Dove Farm, the transaction does not come within the exchange provisions of the statute,[1] and that the general rule of section 111 is applicable. We must again disagree. *W. H. Hartman Co.*, 20 B.T.A. 302; *First Nat. Bank of Champlain, N.Y.*, 21 B.T.A. 415; *DeBlois* v. *Commissioner*, 12 B.T.A. 1138; 36 Fed. (2d) 11; *Securities Co.* v. *Commissioner*, 64 Fed. (2d) 330. In the last cited case the identical argument now made by the petitioner to take the case out of the exchange provisions of the statute was made by the Commissioner. The court there stated:

\* \* \* But the taxpayer calls attention to Sec. 203 (b) (2) of the Act f 1924 which provides that:

> (2) No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

It argues that the foregoing clause applies to the present case and nullifies he calculation of a gain based upon the difference between the value of the stock vhen issued and the amount realized when it was sold. The government, howver, seeks to avoid the application of the clause. It says that the stock of he old company was not exchanged "solely for stock or securities" of the ew company but that the old stock and cash, upon payment of which the taxayer was permitted to participate in the reorganization, were so exchanged. et the payment of cash did not take the transaction out of Sec. 203 (b) 2), for the word "solely" is aimed at what is received in exchange nd not at what is handed over in order to secure participation in a reorganization. \* \* \*

---

[1] [Sec. 112, Revenue Act of 1928.] \* \* \* (b) *Exchanges solely in kind.—*
(1) PROPERTY HELD FOR PRODUCTIVE USE OR INVESTMENT.—No gain or loss shall be recognized if property held for productive use in trade or business or for investment (not including stock in trade or other property held primarily for sale, nor stocks, bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of indebtedness or interest) is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment.

While it is true that the court had before it in that case an exchange of stock and money for stock in a corporation, a party to a reorganization under the Revenue Act of 1924, we think the reasoning therein equally applicable in the interpretation of section 112 (b) (1) of the Revenue Act of 1928. Here, the taxpayer exchanged investment property for " like " property, and paid cash or " boot " in addition. We do not think the payment of cash takes the case out of the provisions of the above section, but that it is a purchase of the excess value received in the form of " like " property. The transaction therefore comes within the quoted provisions of the Revenue Act of 1928, and no gain or loss is recognized. See Klein on Federal Income Taxation, p. 913, par. 27:26. The respondent's determination is approved.

*Judgment will be entered for the respondent.*