Mary Louise Bok, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 75711.   Promulgated April 9, 1935.

*Truman Henson, Esq.,* for the petitioner.
*Harold Allen, Esq.,* for the respondent.

OPINION.

Black: In this proceeding respondent has determined a deficiency of $100,974.10 against the petitioner, Mary Louise Bok, for the year 1931.

Only one error is assigned in the petition, IV (a), which reads as follows:

The Commissioner erred in adding to your petitioner's income for the calendar year 1931 the sum of $603,378.61, dividends received by your petitioner during said year from the estate of her late husband.

The proceeding was submitted on the pleadings of the parties. The facts upon which petitioner relies in support of her assignment of error are stated in the petition as follows:

(a) Your petitioner is the widow of the late Edward W. Bok, who died testate a resident of the County of Montgomery, Commonwealth of Pennsylvania, on the 9th day of January, 1930.

(b) Pursuant to the laws of the Commonwealth of Pennsylvania, your petitioner, had she so elected, would have been entitled to take against the will of said Edward W. Bok, and had she so taken, she would have been entitled to a distribution in excess of $6,470,000.

(c) Your petitioner, however, elected to take under the will of said Edward W. Bok, in lieu of taking against the same, and your petitioner has received, under the provisions of said will, certain dividends from time to time upon stocks held, by the trustees named in said will, in trust to pay the income to your petitioner; and your petitioner received, during the year 1931, the sum of $603,378.61 as such dividends. The total amounts received by your petitioner from said estate, up to and through the year 1931, were less than $6,470,000.

(d) Your petitioner alleges that, pursuant to the rule laid down in *Warner* v. *Walsh,* 15 Fed. (2d) 367, *United States* v. *Bolster,* 26 Fed. (2d) 760, and *Allen* v. *Brandeis,* 29 Fed. (2d) 363, said distribution of $603,378.61 does not constitute taxable income, and that the same is not a part of her gross income for the year 1931.

(e) Your petitioner is aware of the recent decision of the Supreme Court of the United States in *Helvering* v. *Butterworth,* 54 S. Ct. 221; 78 L. Ed. 239

(not yet officially reported), decided December 11, 1933, but alleges that the decision of the Supreme Court in that case is not a decision upon the question here at issue; that the question here at issue was not involved in that case; and that the language used by the Supreme Court, which would be contrary to the relief herein requested, not being related to the matter before the Supreme Court, is obiter dicta, and not conclusive. The taxpayer is also cognizant of the decision of this Board in *Annie C. Atwood v. Commissioner*, 29 B. T. A. 740, Docket No. 57390, decided January 11, 1934, but your petitioner contends that the three decisions above referred to, *Warner v. Walsh*, *United States v. Bolster*, and *Allen v. Brandeis*, being decisions of the United States Circuit Courts of Appeals, unreversed by any decision of the Supreme Court of the United States, state the law; and that said dividends, so received, are not taxable to your petitioner.

Respondent's answer, among other things, contains the following:

IV. Denies the error alleged in paragraph IV.

V. Admits the averments contained in paragraphs V (a), (b), and (c); denies the averments contained in paragraph V (d); admits that petitioner is aware of the rule laid down in *Warner v. Walsh, U. S. v. Bolster, Atwood v. Commissioner;* denies the remaining averments contained in paragraph V.

Thus we have the issue made by the pleadings.

In *Helvering v. Butterworth*, 290 U. S. 365, the question was whether a widow, in circumstances such as those in the instant case, was a " beneficiary " within the ambit of the statutory provision. The Supreme Court held that such a widow is a beneficiary of a trust, and not an annuitant, and said: " In no proper sense does she purchase an annuity. For reasons satisfactory to herself, she expresses a desire to occupy the position of a beneficiary and we think she should be so treated * * *." And the Court held that such distributions by trustees, being to a " beneficiary " are deductible from the income of the trust.

It is the contention of petitioner that no question of taxability to the widow was raised in the *Butterworth* case, nor was an answer to that question necessary to the decision of the point which was involved; and that if it be thought that the language of the Court expressing disapproval of *Warner v. Walsh*, 15 Fed. (2d) 367; *United States v. Bolster*, 26 Fed. (2d) 760; and *Allen v. Brandeis*, 29 Fed. (2d) 363, and stating that the amount which the trustee may deduct is taxable to the beneficiary, means any more than, in the one instance, that the widow was a beneficiary, and, in the other, a paraphrase of the statute, in any event it is *obiter dicta.*

Substantially the same question as that here raised by petitioner has been raised by other taxpayers before the Board since the decision of the Supreme Court in *Helvering v. Butterworth, supra.* These contentions have been denied. See *Annie C. Atwood*, 29 B. T. A. 740; *Frances Ernest Drake, Executor*, 30 B. T. A. 461. In

the latter case, among other things, we quoted from *Helvering* v. *Butterworth* as follows:

> When she makes her election the widow decides to get the benefits of the will with the accompanying rights and liabilities. In no proper sense does she purchase an annuity. For reasons satisfactory to herself, she expresses a desire to occupy the position of a beneficiary and we think she should be so treated.

To the same effect is the United States Circuit Court of Appeals case, decided since *Helvering* v. *Butterworth, supra*, of *Helvering* v. *Schaupp*, 71 Fed. (2d) 736, in which the court reversed its prior holding in *Allen* v. *Brandeis*, 29 Fed. (2d) 363, and said:

> We are of the view that this decision (*Helvering* v. *Butterworth*) in effect overrules the doctrine announced in *Allen* v. *Brandeis, supra*, and the other cases relied upon by the Board of Tax Appeals.

Cf. *Brooks* v. *United States*, 6 Fed. Supp. 844; *Connell* v. *Phillips*, decided by the United States District Court for the Middle District of Pennsylvania, August 3, 1934.

On the authorities above cited, we sustain the respondent.

*Decision will be entered for the respondent.*