R. A. Farish v. Commissioner.
Farish v. Commissioner
Docket No. 3462.
United States Tax Court
1945 Tax Ct. Memo LEXIS 306; 4 T.C.M. (CCH) 199; T.C.M. (RIA) 45056; February 8, 1945
*306 1. Petitioner engaged in the contracting business, using heavy machinery and equipment in his business. At various times he exchanged such equipment for new equipment of like kind and also paid a money difference between the properties exchanged. Held, the machinery and equipment constituted property held for productive use in the petitioner's business and under Section 112 (b) (1), I.R.C., no gain or loss is recognized; thus the basis for depreciation of the new equipment must be adjusted accordingly. 2. Respondent's disallowance of deduction for State sales taxes sustained for lack of proof. Herbert F. Baker, C.P.A., 525 Market St., San Francisco, Calif., and A. D. Schaffer, Esq., for the petitioner. B. H. Neblett, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax against R. A. Farish for the year 1941 in the sum of $4,144.43. The issues are, (1), the determination of the proper basis for depreciation of the petitioner's machinery and equipment, and, (2), whether or not the petitioner is entitled to a deduction for State sales taxes in the amount of $884.61. The respondent also disallowed a deduction *307 for a loss sustained by the petitioner on the sale of his home, which action the petitioner in his brief, concedes to be correct. Findings of Fact The petitioner is an individual residing at San Francisco, California. His income tax return for the year in controversy was filed with the collector of internal revenue for the first district of California. The petitioner is a contractor, engaging in the heavy construction and excavation contracting business. In connection with his business he requires certain heavy equipment, such as tractors, bulldozers, scrapers, scarifiers and compressors. Such equipment is used from day to day in the petitioner's business. As the petitioner's equipment becomes worn or defective, or as he ceases to need it in his business, he exchanges it for new equipment. Such exchanges at times involve certain amounts of cash. In some instances, petitioner sold equipment. In all such instances the equipment so sold or exchanged had been used in the petitioner's contracting business. It is a general practice in the contracting industry to obtain the special equipment needed for particular jobs by trading therefor equipment which the contractors own and for which *308 they have no present need. When the particular job is finished, if the contractor has no further need for the equipment, he attempts either to rent it to other contractors or to sell it. In his income tax returns for the years 1935 to 1941, inclusive, the petitioner treated the retirement of equipment as sales, reporting in each case the gain or loss realized thereon. He entered new equipment upon his books at its cost price and depreciated it on that basis. The respondent determined that certain of the new equipment was acquired by exchange for the old rather than by sale and purchase and that no gain or loss was recognizable upon the exchange by virtue of Section 112 (b) (1) of the Internal Revenue Code. He therefore adjusted the basis for depreciation of the new equipment in accordance with the requirements of Section 113 (a) (6), resulting in a reduction of the allowable deduction for depreciation. The petitioner suffered a net operating loss in 1939, which he carried over to 1940 and 1941. The respondent's action effected a reduction in the net operating loss carry-over and in the deduction for depreciation for the year 1941. On June 13, 1938, the petitioner acquired a Lima No. *309 602, 1 1/2 yd. shovel, on a conditional sales contract at an unadjusted cost of $24,463. He used this shovel for the balance of 1938, on which depreciation was allowed in the amount of $4,077.19, and during a part of the year 1939 on which depreciation was allowed in the amount of $2,038.58, a total of $6,115.77. On June 30, 1939, this shovel was repossessed by the vendor for the balance of the indebtedness on the contract, amounting to $17,283. The petitioner claimed a deductible loss on this transaction in the amount of $1,064.23. The respondent determined that the shovel had been acquired in an exchange of the type above mentioned, whereby no gain or loss is recognizable, adjusted the cost to $21,463 and determined that the petitioner had realized a gain on the transaction in the amount of $1,935.77. In his return for 1941 the petitioner claimed a deduction of $884.61 for State sales tax on equipment.The respondent disallowed the deduction and determined that the amount paid constituted a capital expenditure. Opinion VAN FOSSAN, Judge: The first issue before us is the determination of the proper basis for depreciation of the petitioner's machinery and equipment. The respondent *310 has determined that certain items were obtained by the petitioner in an exchange of property for like property within the purview of section 112 (b) (1) of the Internal Revenue Code and the corresponding section of the Regulations. [1] *311 He has therefore adjusted the basis of depreciation of these items as required by section 113 (a) (6). [2] The petitioner does not contend that these transactions were sales rather than exchanges. He contends, however, that *312 he was inthe trade or business of buying and selling equipment and machinery; that such equipment and machinery constituted "stock in trade or other property held primarily for sale"; that they are, therefore, within the exception provided in section 112 (b) (1) for property of that character; and that gain or loss on their disposition is to be recognized in full. There is no evidence upon which we can find that the petitioner was engaged in the trade or business of buying or selling machinery or equipment. From the meager facts in the record, it appears rather that his activities in this regard were incidental to and a part of his business as a contractor. The testimony is not at all clear and at times is confusing and contradictory. Petitioner testified that he purchased machinery for the purpose of selling or renting it and that this was a general practice among contractors. He later admitted that he had not sold any machinery or equipment which had not been used by him in his contracting business. He also stated later that the general practice among contractors was to obtain the necessary equipment for a particular job by trading therefor the equipment for which they had no present *313 need and when the job was completed to attempt either to sell or rent the equipment. It appears from this that the machinery and other equipment were necessary to the proper operation of the petitioner's contracting business. Because of their size and cost, it was apparently desirable to keep on hand only so much thereof as was necessary for the performance of present contracts. The remainder was sold or rented to others at a profit, if possible. It is impossible on such a record for us to find that the items in question constituted the stock in trade of the petitioner or that they were held by him primarily for sale. On the contrary, we are led to the conclusion that they constituted property held for productive use within the precise terms of the statute. Cf. National Outdoor Advertising Bureau, Inc., 32 B.T.A. 1025. There is another reason why the petitioner cannot prevail. Even if he were correct in his contention that some of his equipment was held primarily for sale, it is clear that not all of it was so held. Admittedly, some of it was used by the petitioner in his contracting business. The disposition of the latter items would be governed by the provisions of section 112 (b) (1). *314 Therefore, assuming the petitioner to be correct, it would be incumbent upon him to show the specific items which he held primarily for sale. This he has wholly failed to do. There is nothing in the record upon which we can make such an allocation. Consequently, his contention cannot be sustained. As an alternative contention, the petitioner argues that the Regulations are void because they attempt, without warrant, to enlarge the statute. He points out that the statute itself provides that gain or loss shall not be recognized where property "is exchanged solely for property of a like kind," whereas the Regulations provide that gain or loss shall not be recognized if "the taxpayer exchanges property * * * together with cash for other property of like kind * * *." He contends that there is no authority for the words "together with cash" used in the Regulations and that the respondent has written into the law a meaning beyond the plain wording of the statute. There is no merit in this contention. The Regulations have been cited with approval in many decisions. It is a familiar principle that Treasury Regulations and interpretations long continued without substantial change, applying *315 to unamended or substantially re-enacted statutes, are deemed to have Congressional approval and have the effect of law. See Helvering v. Winmill, 305 U.S. 79. Furthermore, it was expressly pointed out in W. H. Hartman Co., 20 B.T.A. 302, under a comparable state of facts, that the statute in question applies, notwithstanding the fact that the taxpayer pays cash in addition to the exchange of property since he receives no property whatsoever other than the new equipment for which he has contracted. The petitioner admits that the Hartman case is contrary to his present position. However, he asks us to overrule it because of the "confusion" and "absurdity" to which it leads. This case was decided over 14 years ago and has been followed in numerous decisions of the Board of Tax Appeals and of this Court since that time. See United Gas Improvement Co., 47 B.T.A. 715, 726, and cases there cited. We are wholly unimpressed by petitioner's argument. The petitioner next contends that he is entitled to deduct the sum of $884.61 as sales taxes imposed by the State of California. At the hearing he offered no evidence of any kind to prove that he had paid this sum or the circumstances surrounding *316 the payment if, in fact, such payment was made. In the absence of such proof, we cannot say that the respondent erred in disallowing the deduction. Upon the facts presented, the determination of the respondent must be sustained. Decision will be entered for the respondent. Footnotes
1. SEC. 112. RECOGNITION OF GAIN OR LOSS. (a) General Rule. - Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section. (b) Exchanges Solely in Kind. - (1) Property held for Productive Use or Investment. - No gain or loss shall be recognized if property held for productive use in trade or business or for investment (not including stock in trade or other property held primarily for sale, nor stocks, bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of indebtedness or interest) is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment. REGULATIONS 103. Sec. 19.112 (b) (1)-1. Property held for productive use in trade or business or for investment. * * * No gain or loss is recognized if (1) a taxpayer exchanges property held for productive use in his trade or business, together with cash, for other property of like kind for the same use, such as a truck for a new truck or a passenger automobile for a new passenger automobile to be used for a like purpose * * *. ↩
2. SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS. (a) Basis (Unadjusted) of Property. - The basis of property shall be the cost of such property; except that - * * * (6) Tax-Free Exchanges Generally. - If the property was acquired after February 28, 1913, upon an exchange described in section 112 (b) to (e)↩, inclusive, the basis (except as provided in paragraphs (15), (17), or (18) of this subsection) shall be the same as in the case of the property exchanged. decreased in the amount of any money received by the taxpayer and increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the law applicable to the year in which the exchange was made * * *.