**J. Russell PARSONS and Margaret C. Parsons, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. 794–53.**

United States District Court
D. New Jersey.
On Motion to Dismiss Complaint
Dec. 9, 1954.

Shanley & Fisher, Newark, N. J., F. Earl Walter, Jr., and J. William Barba, Newark, N. J., for plaintiffs.

Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., George J. Rossi, Asst. U. S. Atty., Jersey City, N. J., and Allen A. Bowden, Special Asst. to Atty. Gen., for defendant.

MODARELLI, District Judge.

This is a civil action brought by plaintiffs-taxpayers to recover $1,064.86 of federal income tax and interest assessed against and paid by plaintiffs for the calendar year 1949. The complaint alleges that the Commissioner of Internal Revenue denied the proper deduction for depreciation of property held by plaintiffs for the production of income in that year. Defendant moves to dismiss the complaint for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The issue is: Whether cost or fair market value on its conversion date is the basis for computing the deduction for depreciation to a taxpayer on residential property converted to income producing property.

It is agreed that the cost of the house to plaintiffs in 1940 was $30,524.60, and that on January 15, 1949, the conversion date, the fair market value was $56,-374.00. The defendant contends that since the conversion date amount is greater than the original cost, the depreciation deduction amount should be computed on the basis of the latter. Its argument, based on the Internal Revenue Code, is that depreciation should be based upon the "cost" of the property, 26 U.S.C.A. §§ 114(a), 113(b), 113(a). The precise question is: When computing depreciation for the purpose of deduction does the word "cost" as used in 26 U.S. C.A. § 113(a) mean original cost or fair market value on the conversion date?

I do not believe the cases cited by the defendant substantiate its position. The holding in Heiner v. Tindle, 276 U.S. 582, 48 S.Ct. 326, 327, 72 L.Ed. 714, is not pertinent to this case, for there the Court was concerned only with the proper basis for computing the *loss* resulting from the *sale* of a residential property which had been converted into a profit-making business operation. The Court said, "For the purpose of computing the loss resulting from this particular transaction * * * whenever needful the fair value of the property at the time when the transaction for profit was entered into may be taken as the basis for computing the loss." Since the case was

remanded for a new trial so that the conversion date value of the property could be found, there was no discussion in the opinion to support the defendant's contention in this case. As a matter of fact, I think the Heiner case supports the plaintiffs' position more than the defendant's. Helvering v. Owens, 305 U.S. 468, 59 S.Ct. 260, 83 L.Ed. 292; Bok v. Commissioner, 32 B.T.A. 362; and Hamilton v. Commissioner, 30 B.T.A. 160, were not holdings on the issue of the proper basis for computing depreciation for the purpose of deduction. United States v. Ludey, 274 U.S. 295, 47 S.Ct. 608, 71 L.Ed. 1054, held that in order to determine gain or loss from a sale of oil properties, it is necessary to determine their cost, so that from his original cost the taxpayer must deduct amounts for both depreciation and depletion on the basis of original cost, otherwise there would be a double deduction for the loss of the same capital assets in that the theory of depreciation, according to the court:

> "* * * is that by using up the plant a gradual sale is made of it. The depreciation charged is the measure of the cost of the part which has been sold. When the plant is disposed of after years of use, the thing then sold is not the whole thing originally acquired. The amount of the depreciation must be deducted from the original cost of the whole in order to determine the cost of that disposed of in the final sale of properties. * *

> "* * * Congress doubtless intended that the deduction to be made from the original cost should be the aggregate amount which the taxpayer was entitled to deduct in the several years." At pages 301, 304 of 274 U.S., at page 610 of 47 S.Ct.

The case at bar, however, does not now present problems of gain or loss or double deduction, and so what might later be plaintiffs' basis for gain or loss should not control their basis for computing depreciation for the purpose of deduction. Perkins v. Commissioner, 41 B.T.A. 1225,

affirmed, 6 Cir., 125 F.2d 150, and Thatcher v. Commissioner, 24 B.T.A. 1130, substantiate plaintiffs' position, as will be discussed. And in A. H. Morse Co. v. Commissioner, 1 Cir., 208 F.2d 751, 756, the court said, "* * * there has been no conversion of the franchises from a non-business to a business use," whereas, in the case at bar, there has been a conversion. McKean v. Commissioner, 6 T.C. 757, was a case in which the parties agreed that the basis for depreciation was the fair market value at the time of its conversion to rental property.

Thus none of the cases cited by defendant hold that when computing depreciation on converted property for the purpose of allowing a deduction the proper basis is cost unless the fair market value on the conversion date is less.

Were not the profits anticipated and received in 1949 by plaintiffs from their property based on its fair market value at the time it became an income producer, i. e., the rent bargained for by the owners and paid by a tenant was based on the property's "value," which may be defined as its attractiveness in relation to other similar properties in the *current* market. Thus, in 1949 the property produced for its owners an amount not based on the original cost in 1940 to the owner, but based on its 1949 "value"—its business value—as I have defined the word. If I held that plaintiffs must compute depreciation for the purpose of deduction on the basis of original cost, which is less than the "value" upon which the income from the property was based, I would, in effect, be taking away from plaintiffs a portion of their bargained for income in that while the property produced a certain amount of income because of its higher than cost "value," nevertheless an operating expense (depreciation) would be computed not on the "value" of that which was operated (the property) but on original cost to plaintiffs. For the purpose of this case, depreciation may be defined as an amount chargeable annually against income as the cost of utilized

service capacity, i. e., the wear and tear on the property. I believe the proper basis for computing deduction for such depreciation is the fair market value of the depreciable property on the conversion date because original cost to the plaintiffs of the property did not reasonably reflect the "value" of that property on the date of its conversion to an income producer. While this basis may not result in a tax advantage to the defendant in this case, I believe any other basis would be manifestly unjust and unfair.

I am aware of the controversy among accountants concerning the problem of depreciation basis where original cost— the usual basis—does not fairly represent current market value. The rule which I have set forth, however, eliminates the danger in using market value, which does fluctuate, as a basis, because the conversion date, a date certain, is used and the value of the property on that date remains as its depreciation basis for the purpose of deduction throughout the life of the income producing property. My choice of the fair market "value" on the date of conversion is supported by Thatcher v. Commissioner, supra; Perkins v. Commissioner, supra; and Bok v. Commissioner, 46 B.T.A. 678, affirmed sub nom. Helvering v. Bok, 3 Cir., 132 F.2d 365. In Thatcher there was evidence as to the taxpayer's original cost, but since there was no evidence as to the fair market value of the property on the date of conversion, there was no basis upon which to determine the amount of depreciation for the purpose of deduction. Perkins held, "No matter what her basis for gain or loss, her basis for depreciation is computed upon conversion value, just as it would be, irrespective of gain or loss basis, in the hands of her transferor," citing the Thatcher case. And in Bok it was held that the basis for depreciation for the purpose of deduction is the fair market value of the property on the conversion date. Those opinions do not condition the rule, as is argued by defendant, on the comparative amounts of the original cost and the conversion date value. Indeed, no case cited by counsel and none found by the court has so conditioned the rule when applying it to the computation of depreciation for the purpose of deduction.

Additionally, it has been universally recognized and held that a complaint must not be dismissed under the rule under which this motion is made without a hearing on the merits unless it appears to a certainty that plaintiff would be entitled to no relief under any set of facts which could be proved in support of his claim. It has been held to be effective no matter how likely it may seem that the plaintiff will be unable to prove his claim. These propositions are so well recognized that citations are unnecessary.

The motion is denied.

An order may be submitted in conformity with the opinion herein expressed.